# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**MAAHNCHOOH GHOGOMU,**

Plaintiff,

v.

**DELTA AIRLINES GLOBAL SERVICES, LLC,**

Defendant.

Case No. 1:18-cv-01396 (TNM)

## MEMORANDUM AND ORDER

Maahnchooh Ghogomu worked for Delta Airlines Global Services, LLC ("DAGS") as a ramp agent at the Tulsa International Airport in Tulsa, Oklahoma. DAGS terminated Mr. Ghogomu in May 2013, citing several infractions and incidents during his ten months with the company. The final straw, according to DAGS, was when Mr. Ghogomu failed to secure the fuel cap properly on a flight from Tulsa to Detroit before takeoff, which damaged the plane's wing when it landed. He was fired.

Mr. Ghogomu denied that he was responsible for the fuel cap incident and sued DAGS in the Northern District of Oklahoma, claiming wrongful termination based on race and national origin, defamation, and intentional infliction of emotional distress. After acrimonious litigation, where Mr. Ghogomu accused DAGS and the district court of misconduct, the district court determined that Mr. Ghogomu had failed to present evidence supporting his claims and thus granted DAGS' motion for summary judgment. *Ghogomu v. Delta Airlines Glob. Servs., LLC,* 2015 WL 5971082 (N.D. Okla. Oct. 14, 2015) (*Ghogomu I*). The Tenth Circuit affirmed the decision, and the Supreme Court twice declined review. *Ghogomu v. Delta Airlines Glob.*

*Servs., LLC*, 652 F. App'x 701 (10th Cir. 2016) (*Ghogomu II*), *cert. denied*, 137 S. Ct. 502 (2016), *reh'g denied,* 137 S. Ct. 1137 (2017).  Mr. Ghogomu now seeks a do-over in this Court, but claim preclusion bars his suit.

"A subsequent lawsuit is barred by claim preclusion 'if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction.'" *Nat. Res. Def. Council v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)).

The only contested issue is whether Mr. Ghogomu's current suit involves the "same claims or cause of action" as his Oklahoma suit.  Cases share the "same cause of action" if the two cases share the same "nucleus of facts." *Drake v. FAA.*, 291 F.3d 59, 66 (D.C. Cir. 2002). Under this rule the parties from the previous case cannot "relitigat[e] issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Mr. Ghogomu maintains that his current suit does not involve the same claims or cause of action adjudicated in Oklahoma.

Not so.  Mr. Ghogomu's complaint broadly describes three claims,[1] and all three "were or could have been raised" in the prior litigation.  First, Mr. Ghogomu appears to bring tort claims for defamation and intentional infliction of emotional distress.  Pl.'s Compl., ECF # 1, p. 4, Sect. IV.  But the district court explicitly considered those claims and granted summary judgment for DAGS.  *Ghogomu I*, 2015 WL 5971082 at *6–7.

---

[1] Mr. Ghogomu is proceeding *pro se*.  Thus, the Court will apply the well-established principle that a document filed *pro se* is to be "liberally construed" and "a *pro se* complaint, however unartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (cleaned up).

Second, Mr. Ghogomu alleges that DAGS conspired to commit fraud during the Oklahoma litigation by coercing witness testimony and lying about a surveillance video that implicated Mr. Ghogomu in the fuel cap incident. Pl.'s Compl., ECF # 1, p. 4–8, Sect. III, ¶¶ 1–6, 8. He also alleges that by crediting DAGS' corrupted evidence the district court blessed DAGS' fraud and showed judicial bias. *Id.* ¶ 6; Pl.'s Resp. to Show Cause Order, ECF # 5, pp. 4, 6, 10. But Mr. Ghogomu raised these exact issues in his pleadings before the Oklahoma district court, including in his summary judgment papers. *See* Pl.'s Summ. J. Papers, ECF # 13, Ex. L, p. (pp. 2, 4, 8). He asserted that DAGS had lied about the surveillance video, *id.*, and he complained about "fraudulent evidence introduced in the Court process, which includes[:] conspiracy, perjury, intent to corrupt third parties, . . . , and suspicious fraudulent activity and obstruction to justice," Pl.'s Mot. for Recusal, ECF # 13, Ex. A, p. 5. *See also, e.g.*, Pl.'s Prior Dist. Ct. Pleadings, ECF # 13, Ex. B (pp. 1–2, 9–10), Ex. J (pp. 3–4, 6). He also filed two motions aimed at the district court judge: first demanding validation of the judge's Oath of Office and then asking the judge to resign from the case, citing a "perceive[d] bias" in the judge's handling of the case. Pl.'s Mot. for Validation of Oath and Recusal, ECF # 13, Ex. A, pp. 1–3, 5–11.

The district court denied both motions. Orders Denying Mot., ECF # 13, Ex. A, pp. 4, 12–13. And it ultimately rejected Mr. Ghogomu's spoliation arguments and the other claims raised in his summary judgment papers. *Ghogomu I*, 2015 WL 5971082 at *3–7. Mr. Ghogomu renewed his objections on appeal, arguing that "[t]he district court relied on tampered" evidence, "Delta Global lied about parts of its investigation," and "[t]he district court deliberately misconstrued facts and claims." *Ghogomu II*, 652 F. App'x at 702. But the Tenth Circuit affirmed the district court. *Id.* at 702–05. This Court cannot do otherwise.

Finally, Mr. Ghogomu claims that the Oklahoma district court's decision not to consider a Federal Aviation Administration report that allegedly exonerated him in the fuel cap incident violated the Federal Aviation Act of 1958, its implementing regulations, and the Supremacy Clause of the United States Constitution. Pl.'s Compl., ECF # 1, p. 4–8, Sect. III, ¶¶ 6–7. Yet again, this issue was fully litigated in the prior action. First, Mr. Ghogomu filed a Motion to Consider, Apply and Enforce Federal Aviation Administration (FAA) Laws, Rules, Regulations, Procedures, and Orders, which the district court declared moot, explaining that "[t]he Court, of course, will apply all relevant law in its consideration of Mr. Ghogomu's claims and the defendant's defenses." Order Denying Mot., ECF # 13, Ex. A, p. 12. Mr. Ghogomu then asserted on appeal that the district court had erred by failing to credit the FAA's report. The Tenth Circuit, however, rejected his arguments, concluding that "[t]he district court was right: The eventual FAA report did not affect the summary-judgment rulings." *Ghogomu II*, 652 F. App'x at 703. Mr. Ghogomu may not relitigate his claims here. More generally, even if he raised new claims about the Oklahoma district court's alleged legal errors, those arguments could have been raised—indeed *must* have been raised—on appeal in the earlier litigation and are thus barred by claim preclusion. *See Allen*, 449 U.S. at 94. Mr. Ghogomu may not have a second bite at the same litigation apple.

For these reasons, it is hereby **ORDERED** that Mr. Ghogomu's claims are barred by claim preclusion and his Complaint therefore is dismissed with prejudice. The Clerk of Court is directed to close the case.

      **SO ORDERED**.

      This is a final, appealable Order.

Dated:  November 20, 2018
                                                 
_____
TREVOR N. MCFADDEN
United States District Judge